UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:11-CR-302 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| HUMPHERY HOLMES | ) | (Electronically Filed) |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United
States Attorney for the Middle District of Pennsylvania and the above-captioned
defendant.  Any reference to the United States or to the Government in this
Agreement shall mean the Office of the United States Attorney for the Middle
District of Pennsylvania.

The defendant and counsel for both parties agree that the United States
Sentencing Commission Guidelines which took effect on November 1, 1987, as
amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will
apply to the offense or offenses to which the defendant is pleading guilty.

1. Plea of Guilty.  The defendant agrees to plead guilty to Count One of the
   Indictment, which charges the defendant with a violation of Title 18, United
   States Code, Section 1344, bank fraud.  The maximum penalty is

imprisonment for a period of thirty years, a fine of $1,000,000, a maximum

term of supervised release of up to five years, to be determined by the court,

which shall be served at the conclusion of and in addition to any term of

imprisonment, as well as the costs of prosecution, imprisonment, probation,

or supervised release order, denial of certain federal benefits and an

assessment in the amount of $100.00. At the time the guilty plea is entered,

the defendant shall admit to the Court that the defendant is in fact guilty of

the offense(s) charged in that count. The defendant further agrees that any

legal and factual issues relating to the application of the Federal Sentencing

Guidelines to the defendant's conduct, including facts that support any

specific offense characteristic or other enhancement or adjustment and the

appropriate sentence within the statutory maximums provided for by law,

will be determined by the court after briefing, or a pre-sentence hearing, or

at a sentencing hearing. After sentencing, the United States will move for

dismissal of any remaining counts. The defendant agrees, however, that the

United States may at its sole election reinstate any dismissed counts or seek

additional charges in the event that the charge(s) to which the defendant

has pleaded guilty pursuant to this agreement are subsequently vacated, set

aside, or invalidated by the district court or a ruling of an appellate court.

The defendant further agrees to waive any defenses to reinstatement of these

charges or additional charges based upon, laches, the assertion of speedy

trial rights, any applicable statute of limitations or any other ground.

2.   <u>Supervised Release</u>.  The defendant also understands that the Court must

impose a term of supervised release following any sentence of

imprisonment exceeding one (1) year, or when required by statute.  The

Court may require a term of supervised release in any other case.  In

addition, the defendant understands that as a condition of any term of

supervised release or probation, the Court must order that the defendant

cooperate in the collection of a DNA  sample if the collection of a sample is

so authorized by law.

3.   <u>Transfer of Case for Child Custody Determinations</u>.  The defendant agrees

to interpose no objection to the United States' s transferring evidence or

providing information concerning the defendant and/or this offense to other

state or local authorities or agencies for purpose of child custody

proceedings relating to the defendant.

4.   <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant

to the Sentencing Reform Act of 1984.  The willful failure to pay any fine

imposed by the Court, in full, may be considered a breach of this plea

agreement.  Further, the defendant acknowledges that willful failure to pay

the fine may subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.   <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.   <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.   <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the

special assessment directly to the Clerk, United States District Court Middle

District of Pennsylvania. This check should be made payable to "Clerk,

United States District Court". Counsel for the defendant shall provide a

copy of the special assessment check or a Clerk's receipt to the United

States Attorney's Office for the Middle District of Pennsylvania at the time

of sentencing certifying compliance with this provision of the plea

agreement. If the defendant intentionally fails to make this payment, pays

with an insufficient funds check, or otherwise fails to comply with any of

the requirements of the United States Attorney's Office's Financial

Litigation Unit regarding the special assessment, it is understood that this

failure may be treated as a breach of this plea agreement and may result in

further prosecution or the filing of additional criminal charges, or a

contempt citation.

8.    No Further Prosecution, Except Tax Charges.  The United States Attorney's

Office for the Middle District of Pennsylvania agrees that it will not bring

any other criminal charges against the defendant directly arising out of the

defendant's involvement in the offense described above.  However, nothing

in this agreement will limit prosecution for criminal tax charges, if any,

arising out of those offenses.

9.    Acceptance of Responsibility–Three Levels.  Counsel for the defendant has

affirmatively indicated to the United States Attorney's Office that the

defendant not only wishes to enter a plea of guilty, but will clearly

demonstrate a recognition and affirmative acceptance of responsibility as

required by the sentencing guidelines.  Additionally, the defendant has

assisted authorities in the investigation and prosecution of his own

misconduct by timely notifying authorities of his intention to enter a plea of

guilty, thereby permitting the government to avoid preparing for trial and

permitting the government and the court to allocate its resources efficiently.

Accordingly, if the defendant can adequately demonstrate this acceptance of

responsibility to the government, the United States Attorney's Office

hereby moves at sentencing that the defendant receive a three-level

reduction in the defendant's offense level for acceptance of responsibility.

The failure of the Court to find that the defendant is entitled to this three-

level reduction shall not be a basis to void this plea agreement.

10.    Rule 11(c)(1)(C) Binding Agreement.  Pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure, the government and the defendant

stipulate and agree to the following regarding the defendant's sentence: The

defendant shall receive a sentence of 36 months imprisonment.  The

remaining aspects of the sentence, including imposition of fines, fees, costs,

and a term of supervised release shall be at the discretion of the court as

allowed by law. The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case. If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendant or the United States has the right to withdraw from this agreement and any guilty plea entered pursuant to this agreement.

11.   Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

   a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b.   The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

   c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

   d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

   e.   The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

   f.   The defendant be confined in a community treatment center, halfway house or similar facility.

g.     The defendant be placed under house detention.

h.     The defendant be ordered to perform community service.

i.      The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

j.      The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

k.     The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

l.      The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.     The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

12.   <u>Costs of Prosecution</u>.  The United States will recommend that the Court direct the defendant to pay the costs of investigation and prosecution for all charges brought against the defendant including costs for any charges which may be dismissed.

13.   <u>Mandatory Restitution Act</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result

of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.  The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program to collect the full amount of restitution owed to the victim(s) in a timely fashion. While the defendant reserves the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of this restitution. Towards this goal, the defendant agrees  to waive any further notice of forfeiture and agrees that the United States at its sole election may elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter, both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found due and owing by the Court at the time of sentencing in this matter. The defendant consents to the filing of any civil

complaint or superseding information which may be necessary to perfect a forfeiture order and  further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case .  The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the Court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings will be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations.

14.  Background Information for Probation Office.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15.  Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of

Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

16. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States,

crime victims have the following rights:

a.   The right to be reasonably protected from the accused.

b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

c.   The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

d.   The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

e.   The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

f.   The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

g.   The right to proceedings free from unreasonable delay.

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

17.   Relevant Sentencing Information.  At the sentencing, the United States will

be permitted to bring to the Court's attention, and the Court will be

permitted to consider, all relevant information with respect to the

defendant's background, character and conduct including the conduct that is

the subject of the charges which the United States has agreed to dismiss, and

the nature and extent of the defendant's cooperation, if any.  The United

States will be entitled to bring to the Court's attention and the Court will be

entitled to consider any failure by the defendant to fulfill any obligation

under this agreement.

18.   No Withdrawal of Plea Based on Sentence or Recommendations. If the

Court imposes a sentence as specified in Paragraph 11 but with which the

defendant is otherwise dissatisfied, the defendant will not be permitted to

withdraw any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any pleas should the Court decline to follow any

recommendations by any of the parties to this agreement.

19.   Breach of Agreement.  In the event the United States believes the defendant

has failed to fulfill any obligations under this agreement, then the United

States shall, in its discretion, have the option of petitioning the Court to be

relieved of its obligations.  Whether or not the defendant has completely

fulfilled all of the obligations under this agreement shall be determined by

the Court in an appropriate proceeding at which any disclosures and

documents provided by the defendant shall be admissible and at which the

United States shall be required to establish any breach by a preponderance

of the evidence.  In order to establish any breach by the defendant, the

United States is entitled to rely on statements and evidence given by the

defendant during the cooperation phase of this agreement.

20.   <u>Remedies for Breach</u>.  The defendant and the United States agree that in the

event the Court concludes that the defendant has breached the agreement:

    a.   The defendant will not be permitted to withdraw any guilty plea
tendered under this agreement and agrees not to petition for
withdrawal of any guilty plea;

    b.   The United States will be free to make any recommendations to the
Court regarding sentencing in this case;

    c.   Any evidence or statements made by the defendant during the
cooperation phase will be admissible at any trials or sentencings;

    d.   The United States will be free to bring any other charges it has
against the defendant, including any charges originally brought
against the defendant or which may have been under investigation at
the time of the plea. The defendant waives and hereby agrees not to
raise any defense to the reinstatement of these charges based upon
collateral estoppel, Double Jeopardy or other similar grounds.

21.   <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this

agreement shall protect the defendant in any way from prosecution for any

offense committed after the date of this agreement, including perjury, false

declaration, or false statement, in violation of Title 18, United States Code,

Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title

18, United States Code, Section 1503, 1505, or 1510, should the defendant

commit any of those offenses during the cooperation phase of this

agreement.  Should the defendant be charged with any offense alleged to

have occurred after the date of this agreement, the information and

documents disclosed to the United States during the course of the

cooperation could be used against the defendant in any such prosecution.

22.   No Civil Claims or Suits.   The defendant agrees not to pursue or initiate

any civil claims or suits against the United States of America, its agencies or

employees, whether or not presently known to the defendant, arising out of

the investigation, prosecution or cooperation covered by this agreement,

including but not limited to any claims for attorneys' fees and other

litigation expenses arising out of the investigation and prosecution of this

matter. By the defendant's guilty plea in this matter the defendant further

acknowledges that the government's position in this litigation was taken in

good faith, had a substantial basis in law and fact and was not vexatious.

23.   Transfer of Case to IRS.  The defendant agrees to interpose no objection to

the United States transferring evidence or providing information concerning

the defendant and/or this offense, to other state and federal agencies or other

organizations, including, but not limited to the Internal Revenue Service,

law enforcement agencies and licensing and regulatory agencies.

24.   Collection Action by IRS.  Nothing in this agreement shall limit the Internal

Revenue Service in its collection of any taxes, interest or penalties due from

the defendant arising out of or related in any way to the offenses identified

in this agreement.

25.   No Contest of Debarment.  Defendant agrees not to contest any regulatory

action taken to permanently bar him from participation in the conduct of the

affairs of any federally-insured financial institutions, or any other

organizations or entities related to the banking industry.

26.   Deportation.  The defendant understands that, if he/she is not a United

States citizen, deportation is a possible consequence of his/her plea.

27.   Rule 6(e) Order for Transfer of Information to IRS.  The defendant agrees to

interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e)

authorizing transfer to the Examination Division of the Internal Revenue

Service of the defendant's documents, or documents of third persons, in

possession of the Grand Jury, the United States Attorney or the Criminal

Investigation Division of the Internal Revenue Service.

28.   Cooperation with IRS.  The defendant agrees to fully comply and cooperate

with the Internal Revenue Service by filing all delinquent or amended tax

returns by the date of the defendant's sentencing, and to timely file all future

returns which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea. The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

29.   <u>Non-Limitation on Government's Response</u>.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

30.   <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this agreement

shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

31.   <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

32.  <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into

this Plea Agreement with the defendant because this disposition of the

matter fairly and adequately addresses the gravity of the series of offenses

from which the charges are drawn, as well as the defendant's role in such

offenses, thereby serving the ends of justice.

33.  <u>Merger of All Prior Negotiations</u>.  This document states the complete and

only Plea Agreement between the United States Attorney for the Middle

District of Pennsylvania and the defendant in this case, and is binding only

on the parties to this agreement, supersedes all prior understandings, if any,

whether written or oral, and cannot be modified other than in writing that is

signed by all parties or on the record in Court.  No other promises or

inducements have been or will be made to the defendant in connection with

this case, nor have any predictions or threats been made in connection with

this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure

the defendant certifies that the defendant's plea is knowing and voluntary,

and is not the result of force or threats or promises apart from those

promises set forth in this written plea agreement.

34.  <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement

must be signed by the defendant and defense counsel and received by the

United States Attorney's Office on or before 5:00 p.m., June 22, 2012,

otherwise the offer may, in the sole discretion of the Government, be decmed withdrawn.

35. <u>Required Signatures</u>. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

06-27-12
Date

_____
Humphrey Holmes
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

06/27/2012
Date

_____
Christopher Basner, Esquire
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY
by

6/28/2012
Date

_____
Michael A. Consiglio
Assistant United States Attorney

*Revised 6/18/2012*